No. 21-20015

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

ESTATE OF RHOGENA ANN NICHOLAS; ESTATE OF DENNIS TUTTLE,

Petitioners - Appellees

V.

CITY OF HOUSTON,

Interested Party - Appellant

_____

On appeal from Civil Action Number 4:20-cv-04287, in the United States District Court for the Southern District of Texas, Houston Division
_____

**MOTION TO DISMISS AS MOOT**
_____

To the Honorable Fifth Circuit Court of Appeals:

Appellant, City of Houston respectfully moves the Court to dismiss this matter as moot as follows:

This proceeding arises from the Nicholas and Tuttle families' petitions for pre-suit discovery. Tex. R. Civ. P. 202. The limitations period for their claims expired on January 28, 2021. ROA.15; ROA.199. On January 27, 2021, both families filed their lawsuits. [*see* Doc. #1, Cause No. 4:21-cv-00270, *Clifford F.*

1

*Tuttle, et al. v. City of Houston et al.*, in the United States District Court for the Southern District of Texas, Houston Division; Doc. #1, Cause No. 4:21-cv-00272, *John Nicholas et al. v. City of Houston et al.*, in the United States District Court for the Southern District of Texas, Houston Division]. As the limitations period expired and both families have filed suit, their Rule 202 petitions for pre-suit discovery are now moot. *See Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 530-31 (Tex. 2019) (holding Rule 202 petition was moot after statute of limitations had run and dismissing matter for lack of jurisdiction). *Tex. Lottery Comm'n v. Willis*, No. 03-10-00330-CV, 2011 WL 2652132, at *1 (Tex. App.—Austin July 6, 2011, no pet.) (mem. op.) (dismissing matter as moot after the Rule 202 petitioner filed suit against same parties named in Rule 202 petition that was the subject of an interlocutory appeal). As the Texas Court of Appeals in Amarillo described a similar procedural posture:

> Little nullifies an anticipated suit more than an actual one. Just as the birth of a child is no longer anticipated once born, a suit is no longer anticipated once filed.
>
> Here, the stork made its delivery. It arrived on the steps of the United States District Court in Sherman, Texas. Furthermore, a reading of the original complaint filed by Garage discloses that the scope of the suit encompasses the factual allegations of deceit and unfair competition underlying the 'anticipated suit' Lubbock used to justify a Rule 202 ancillary proceeding. More importantly, the federal rules of civil procedure permit general discovery and depositions, much like the Texas Rules of Civil Procedure. FED. R. CIV. P. 26–37. Thus, the 'anticipated

> suit' and need to conduct limited discovery related to it no longer exists given that the discovery desired by Lubbock may be had through the actual suit.
>
> The Rule 202 debate at bar has grown moot.

*In re Overhead Garage Door, LLC*, No. 07-18-00015-CV, 2018 WL 934814, at *3 (Tex. App.—Amarillo Feb. 16, 2018, no pet.); *see also United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.").

Accordingly, Interested Party-Appellant, City of Houston, prays that this Court dismiss this matter as moot, and grant any further relief to which it finds the City entitled.

        Respectfully submitted,

        ARTURO G. MICHEL
        City Attorney

        SUZANNE R. CHAUVIN
        Chief, General Litigation Section

By:  */s/ Christy L. Martin*
        Christy L. Martin
        Sr. Assistant City Attorney
        ATTORNEY IN CHARGE
        SBN: 24041336
        FBN: 754168
        832.393.6438 (direct)
        christy.martin@houstontx.gov

        CITY OF HOUSTON LEGAL DEPARTMENT
        900 Bagby, 4th Floor
        Houston, Texas 77002
        832.393.6491 Main
        832.393.6259 Facsimile

        *Attorneys for City of Houston*

## CERTIFICATE OF CONFERENCE

I certify that on February 18 and 19, 2021, I conferred with Counsel for the Petitioners-Appellees who are opposed to this motion.

>/s/Christy L. Martin
> CHRISTY L. MARTIN

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF which will automatically serve a Notice of Electronic Filing on the following:

| | |
|---|---|
| Michael Patrick Doyle<br>Patrick M. Dennis<br>Jeffrey I. Avery<br>DOYLE, LLP<br>3401 Allen Parkway, Suite 100<br>Houston, Texas 77019<br>service@doylelawfirm.com<br><br>Charles C. Bourque, Jr.<br>ST. MARTIN & BOURQUE, LLC<br>315 Barrow Street<br>Houma, Louisiana 70360<br>cbourque@stmblaw.com<br><br>*Attorneys for the Nicholas Estate* | Michael T. Gallagher<br>L. Boyd Smith, Jr.<br>Pamela R. McLemore<br>2905 Sackett Street<br>Houston, TX 77098<br>mike@gld-law.com<br>bsmith@boydsmithlaw.com<br>pamm@gld-law.com<br><br>*Attorneys for the Tuttle Estate* |

>/s/Christy L. Martin
> CHRISTY L. MARTIN

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing was prepared in Microsoft Word 2016 MSO 64-bit in Times New Roman 14 point font; the word-count function shows that this motion contains 480 words.

*/s/Christy L. Martin*
CHRISTY L. MARTIN
